**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| AWT BE GOOD LLC | CIVIL ACTION NO. 16-1412 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHESAPEAKE LOUISIANA, L.P., ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is Defendant PXP Louisiana L.L.C.'s ("PXP") Motion for Reconsideration (Record Document 78) of this Court's prior Memorandum Ruling issued on January 11, 2019. See Record Document 70. There is also pending a Motion for Leave to File Amicus Curiae Brief in Support of PXP's Motion for Reconsideration (Record Document 81) filed by nonparties Louisiana Oil and Gas Association and Louisiana Mid-Continent Oil and Gas Association (the "Amicus Brief"). Plaintiff AWT Be Good LLC ("AWT") opposes both motions. See Record Documents 85 and 87. For the reasons set forth below, both motions are **DENIED**.

The Court first addresses the Motion for Leave to File Amicus Curiae Brief in Support of PXP's Motion for Reconsideration (Record Document 81). The decision to permit a nonparty to file an amicus brief "is, with immaterial exceptions, a matter of judicial grace." In re Halo Wireless, Inc., 684 F.3d 581, 596 (5th Cir. 2012) (quoting Nat'l Org. for Women, Inc. v. Scheidler, 223 F.3d 615, 616 (7th Cir. 2000)). Additionally, permission to file an amicus brief should be denied where the amicus brief does not assist the court or "essentially merely duplicates the brief of one of the parties," Scheidler, 223 F.3d at 617; indeed, the term "*amicus curiae*" itself means "friend of the court, not friend of a party," Ryan v. Commodity Futures Trading Com'n, 125 F.3d 1062, 1063 (7th Cir. 1997). In this

case, the Court finds that the nonparty Amicus Brief more closely resembles the latter, as it not only repeats the same factual allegations and legal arguments asserted by PXP in its Motion for Reconsideration, but also fails to offer any "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Id. Therefore, the Motion for Leave to File Amicus Curiae Brief in Support of PXP's Motion for Reconsideration (Record Document 81) is **DENIED**.

The primary motion contested by the parties is PXP's Motion for Reconsideration (Record Document 78). The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se; however, the Fifth Circuit has recognized that such motions may challenge a judgment or order under Rules 54(b), 59(e), or 60(b). See, e.g., Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 564 (E.D. La. 2013) (noting, however, that Rules 59 and 60 apply only to final judgments). Where a motion for reconsideration concerns an interlocutory order, as in the present case, such a motion is generally evaluated under the same standards that govern motions to alter or amend a judgment under Rule 59(e). See id. at 565. Under Rule 54(b), the court is given broad discretion to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981). "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e) . . . ." Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp., 259 F. Supp. 2d 471, 475 (M.D. La. 2002) (citations omitted). Generally, a motion to alter or amend a judgment under Rule 59(e) may be granted for the following grounds: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the

need to prevent manifest injustice; or (4) an intervening change in controlling law." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). In fact, the Fifth Circuit has noted that the standards for Rule 59(e) "favor the denial" of such motions. Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). Furthermore, motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. . . . Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (citations omitted). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 566 (E.D. La. 2013).

In the instant matter, PXP's central argument asserted in its Motion for Reconsideration is that the Court, in its previously rendered Memorandum Ruling denying PXP's (as well as the other parties') motions for summary judgment, see Record Document 70 at 20, erred when it, according to PXP, "held, in essence, that":

> a sublessee or assignee of an undivided interest in a mineral lease is bound, as a matter of law, by an amendment to the original mineral lease even where that amendment was: (a) executed by the sublessor/assignor after the sublessee/assignee acquired its interest, and (b) the sublessee/assignee did not join in, or consent to, the amendment.

Record Document 78 at 1.[1] In support of this claim, PXP cites to several portions of the Court's Memorandum Ruling, specifically the Court's statement that:

> because the Mineral Code makes both assignees and sublessees directly liable to a mineral lessor for the lessee's obligations[] . . . AWT can seek to hold PXP liable for the same claims it brings against Chesapeake (the original lessee) regardless of whether PXP is classified as an assignee or sublessee of Chesapeake's interest in the [L]ease.

Id. (quoting Record Document 70 at 19). Further, while PXP does not appear to object to the Court's denial of its summary judgment motion, it nevertheless requests the Court to "correct [its] erroneous legal holding that has the potential to detrimentally affect Louisiana mineral law." Record Document 86 at 1 (emphasis omitted).

Here, the Court denies PXP's Motion for Reconsideration as nothing contained therein warrants the modification of the Court's previously issued Memorandum Ruling. At the outset, the Court notes that the majority of PXP's motion consists of statements that merely operate as mischaracterizations of the Court's findings in its ruling. First, PXP's motion seemingly attempts to segment the Court's analysis into three separate and narrow "grounds" and proceeds to object to only two of them, and further states that "it does not seek to modify the Judgment regarding whether (2) disputed issues of fact exist as to whether the Participation Agreement between PXP and [Chesapeake] gave

---

[1] PXP also objects to the Court's classification of the transfer between PXP and Chesapeake as a sublease rather than an assignment. See Record Document 78-1 at 1. According to PXP, the transfer "reserved to Chesapeake an overriding royalty interest in the assigned leases only to the extent that all existing lease burdens amounted to less than twenty-five percent[]." Id. at 2. Because the Lease provides for a twenty-five percent lessor's royalty, PXP asserts that no overriding royalty interest was created in Chesapeake's favor with respect to the Lease. See id. However, regardless of any merit PXP's argument may have, the Court declines to revisit this issue at this time due to the irrelevance of the transfer's classification to the instant case, as previously noted in the Court's ruling. See Record Document 70 at 18–19.

Chesapeake the authority to bind PXP to the lease amendment." Record Document 78 at 1. On the contrary, the Court did not narrowly divide its ruling into piecemeal holdings but rather broadly held that PXP, "at the very least," failed to meet its burden (as the movant on summary judgment) in showing the absence of any genuine disputes of material fact regarding its claim that it did not intend to be bound by, or consent to, the Lease Amendment. Record Document 70 at 19. As further stated below, the factual dispute as to whether PXP consented to the Lease Amendment (whether through PXP's agency relationship with Chesapeake, the parties' Participation Agreement, and/or some ratifying conduct by PXP) was the central basis for the Court's denial of PXP's Motion for Summary Judgment because such dispute implicated each of the material arguments made by the parties pursuant to the motion. See id.

Furthermore, nowhere in its ruling did the Court hold "as a matter of law," as alleged by PXP, that "an assignor of an undivided interest in a mineral lease can bind its assignee to a lease amendment executed after the assignee acquired its interest <u>without the assignee's consent</u>." Record Document 78 at 1–2 (emphasis added). Obviously, the Court did not make such a holding when it stated in the same ruling that genuine disputes of material fact regarding the issue of PXP's (<u>i.e.</u>, the assignee's/sublessee's) consent existed so as to preclude summary judgment in favor of PXP. See Record Document 70 at 19. Rather, the Court held only that given the general rule under the Mineral Code that an assignee/sublessee is directly liable to a mineral lessor for the lessee's obligations, and because PXP did not meet its burden on summary judgment in showing that it did not consent to the Lease Amendment, AWT "can <u>seek to hold</u> PXP liable for the same claims it brings against Chesapeake." Id. (emphasis added). In other words, the Court

Chesapeake the authority to bind PXP to the lease amendment." Record Document 78 at 1. On the contrary, the Court did not narrowly divide its ruling into piecemeal holdings but rather broadly held that PXP, "at the very least," failed to meet its burden (as the movant on summary judgment) in showing the absence of any genuine disputes of material fact regarding its claim that it did not intend to be bound by, or consent to, the Lease Amendment. Record Document 70 at 19. As further stated below, the factual dispute as to whether PXP consented to the Lease Amendment (whether through PXP's agency relationship with Chesapeake, the parties' Participation Agreement, and/or some ratifying conduct by PXP) was the central basis for the Court's denial of PXP's Motion for Summary Judgment because such dispute implicated each of the material arguments made by the parties pursuant to the motion. See id.

Furthermore, nowhere in its ruling did the Court hold "as a matter of law," as alleged by PXP, that "an assignor of an undivided interest in a mineral lease can bind its assignee to a lease amendment executed after the assignee acquired its interest <u>without the assignee's consent</u>." Record Document 78 at 1–2 (emphasis added). Obviously, the Court did not make such a holding when it stated in the same ruling that genuine disputes of material fact regarding the issue of PXP's (<u>i.e.</u>, the assignee's/sublessee's) consent existed so as to preclude summary judgment in favor of PXP. See Record Document 70 at 19. Rather, the Court held only that given the general rule under the Mineral Code that an assignee/sublessee is directly liable to a mineral lessor for the lessee's obligations, and because PXP did not meet its burden on summary judgment in showing that it did not consent to the Lease Amendment, AWT "can <u>seek to hold</u> PXP liable for the same claims it brings against Chesapeake." Id. (emphasis added). In other words, the Court

determined that AWT can proceed to further discovery on its claims, and that the ultimate issue of PXP's (and/or Chesapeake's) liability *vel non* to AWT is a question to be resolved by the trier of fact at trial.

Accordingly, based on the foregoing reasons,

**IT IS ORDERED** that PXP's Motion for Reconsideration (Record Document 78) is **DENIED**. Additionally, the Motion for Leave to File Amicus Curiae Brief in Support of PXP's Motion for Reconsideration (Record Document 81) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of June, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT